MEMORANDUM **
Karen Roubenovich Gevorgyan, a native of the former Soviet Union, and a citizen of Armenia, petitions for review of the Board of Immigration Appeals’ (“BIA”) order dismissing his appeal from an immigration judge’s decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture (“CAT”). Our jurisdiction is governed by 8 U.S.C. § 1252. We review factual findings for substantial evidence, Chebchoub v. INS, 257 F.3d 1038, 1042 (9th Cir.2001), and we dismiss in part and deny in part the petition for review.
We lack jurisdiction to review the determination that Gevorgyan’s application for asylum was untimely because Gevor-gyan’s arrival date is an issue of disputed fact. See 8 U.S.C. § 1158(a)(3); see also Ramadan v. Gonzales, 479 F.3d 646, 656-57 (9th Cir.2007) (per curiam).
Substantial evidence supports the agency’s adverse credibility finding because the inconsistencies between Gevor-gyan’s testimony and the documentary and other evidence regarding his citizenship go to the heart of his claim. See Farah v. Ashcroft, 348 F.3d 1153, 1156 (9th Cir.2003). Accordingly, Gevorgyan’s withholding of removal claim fails.
Because Gevorgyan’s CAT claim is based on the same testimony the agency found not credible, and Gevorgyan points to no other evidence the agency should have considered regarding the likelihood of torture if he is removed to Armenia, his CAT claim also fails. See id. at 1157.
The BIA did not err in not considering the new evidence Gevorgyan attached to his brief to the BIA.
PETITION FOR REVIEW DISMISSED in part; DENIED in part.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.